# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY

TONIA JEWELL, individually and on behalf of all others similarly situated,

    Plaintiff,

vs.

MAGNOLIA BANK, INC.,

    Defendant.
_____/

CASE NO.  3:23CV-78-RGJ

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Tonia Jewell ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief against Magnolia Bank, Inc. ("Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Plaintiff brings this Complaint to stop Defendant's practices of calling persons listed on the National Do Not Call Registry. Plaintiff also seeks to obtain redress for all persons injured by Defendant's conduct.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

2. This Court has personal jurisdiction over Defendant because Defendant resides in this State.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District.

## PARTIES

4. Plaintiff Tonia Jewell, at all times mentioned herein, has resided in and has been a citizen of the State of Maryland.

5. Defendant Magnolia Bank, Inc. is a corporation organized under the laws of Kentucky, with a principal place at 794 Old Elizabeth Rd., P.O. Box 188, Hodgenville, KY 42748.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. Plaintiff's residential phone number has been registered with the National Do-Not-Call Registry since October 2, 2022.

7. Plaintiff was the subscriber who registered her residential phone number on the

1

National Do-Not-Call Registry.

8. Defendant is a provider of home mortgage refinancing services that generates substantial profits from soliciting its consumer services through telemarketing. In furtherance of its telemarketing efforts, Defendant employs third parties to contact potential customers on its behalf.

9. Defendant and/or one of Defendant's agents called Plaintiff on her cellular telephone from the number (301) 381-4665 on November 10, 2022.

10. Defendant and/or one of Defendant's agents placed this call without Ms. Jewell's prior consent.

11. Several seconds after Plaintiff answered this call, an individual named Phil Devas began speaking to Plaintiff about government guidelines for home mortgage refinancing. The purpose of this call was to market home mortgage refinancing services on behalf of Defendant. Plaintiff told the representative she spoke with that she was not interested.

12. On November 11, 2022, Plaintiff received a call on her cellular telephone from the number (626) 591-2985.

13. Several seconds after Plaintiff answered this call, an individual named Leo began speaking to Plaintiff about government guidelines for home mortgage refinancing. The purpose of this call was to market home mortgage refinancing services on behalf of Defendant. Leo informed Plaintiff that he would transfer her to "one of our specialists," who would provide her more information on home mortgage refinancing. Plaintiff was then transferred to Anthony Beck, a representative of Magnolia Bank who continued marketing home mortgage refinancing services on behalf of Defendant.

14. Plaintiff knows this call was made by Defendant and/or one of Defendant's agents

because she was provided a call back number for Defendant at (317) 743-0573. Plaintiff also knows this call was made by Defendant and/or one of Defendant's agents because the representative she spoke with identified themselves as selling home mortgages on behalf of Defendant, and Plaintiff received an email from Anthony Beck, who has a Magnolia Bank email address and signature block.

15. Plaintiff alleges these calls were made by or on behalf of Defendant because they both followed identical call scripts and were placed within one day of each other.

16. Plaintiff received two more calls from Defendant from the number (317) 743-0573, which she did not answer.

17. Prior to the calls at issue in this action, Plaintiff had not had any contact with Defendant nor used any of Defendant's services. She has never consented in writing, or otherwise, to receive telemarketing calls from Defendant. Moreover, Plaintiff has no interest in home mortgages, as she is not a homeowner.

18. Defendant knowingly made (and continues to make) unsolicited telemarketing calls to the telephones of Plaintiff and other consumers without the prior express written consent of the call recipients.

19. In making these calls, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA. Such calls are also harassing and a nuisance for Plaintiff and putative class members.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action on behalf of herself and all other persons similarly situated.

21. **Class Definitions**: Plaintiff brings this Complaint against Defendant, pursuant to

Federal Rule of Civil Procedure 23, on behalf of herself and the following Class:

> All persons in the United States whose numbers are listed on the national do-not-call registry, and received two or more telemarketing calls within any 12-month period from Defendant or its agents to their residential telephone number 31 or more days after the telephone number was listed on the national do-not-call registry at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated (the "Class Period").

22.   Plaintiff represents, and is a member of, the proposed Class. Excluded from the Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

23.   **Numerosity.** Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, that the Class is so numerous that individual joinder would be impracticable.

24.   **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

25.   The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

26.   The proposed Class can be identified easily through records maintained by Defendant.

27.   There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions

which may affect individual members of the proposed class. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendant made telephone calls to Plaintiff and class members without their prior express consent;

    b. Whether Defendant's conduct was knowing and/or willful;

    c. Whether Defendant is liable for damages, and the amount of such damages; and

    d. Whether Defendant should be enjoined from engaging in such conduct in the future.

28. **Typicality.** Plaintiff asserts claims that are typical of each member of the Class because they are all persons who received telemarketing calls on their telephones without their prior express written consent. Plaintiff will fairly and adequately represent and protect the interests of the proposed class and has no interests which are antagonistic to any member of the proposed class.

29. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the proposed Class, and has no interests which are antagonistic to any member of the proposed Class.

30. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

31. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy.

32. Classwide relief is essential to compel Defendant to comply with the TCPA.

33. The interest of the members of the proposed Class in individually controlling the

prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA is relatively small.

34. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the Class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

35. Defendant has acted on grounds generally applicable to the proposed Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Class as a whole appropriate.

36. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

### FIRST CAUSE OF ACTION
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227,** *et seq.*

37. Plaintiff incorporates by reference paragraphs one (1) through thirty-five (35) of this Complaint as if fully stated herein. Plaintiff brings this claim individually and on behalf of the Class against Defendant.

38. The foregoing acts and omissions of Defendant and/or its agents constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

39. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Class are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

40. Plaintiff and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

41. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

42. Plaintiff incorporates by reference paragraphs one (1) through thirty-five (35) of this Complaint as if fully stated herein. Plaintiff brings this claim individually and on behalf of the Class against Defendant.

43. The foregoing acts and omissions of Defendant and/or its agents constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

44. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Class are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

45. Plaintiff and members of the proposed Class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

46. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Class the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

    b.    As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

    c.    As a result of Defendant's violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

    d.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate the Class, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firm representing Plaintiff as counsel for the Class;

    e.    Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: February 14, 2023                            Respectfully submitted,

                                                             By:   */s/ Larry Forman*
                                                                       Larry Forman

                                          **FORMAN & ASSOCIATES**
                                          Larry Forman
                                          1139 South Fourth St.
                                          Louisville, KY 40203
                                          Telephone: (502) 931-6788
                                          E-Mail: larry@larryformanlaw.com

                                          **BURSOR & FISHER, P.A.**
                                          Yeremey O. Krivoshey (*pro hac vice* forthcoming)
                                          1990 North California Boulevard, Suite 940
                                          Walnut Creek, CA 94596
                                          Telephone: (925) 300-4455

Facsimile: (925) 407-2700
E-mail: ykrivoshey@bursor.com

*Counsel for Plaintiff*