UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TONIA JEWELL, individually and on behalf of
all others similarly situated,

    Plaintiff,

v.                                           CASE NO. 3:23-cv-00078-RGJ

MAGNOLIA BANK, INC.,

    Defendant.

_____

**DEFENDANT MAGNOLIA BANK, INC.'S ANSWER
TO PLAINTIFF TONIA JEWELL'S FIRST AMENDED COMPLAINT**

Defendant Magnolia Bank, Inc. ("Defendant" or "Magnolia Bank"), by and through its undersigned counsel, files its Answer and Affirmative Defenses to the First Amended Complaint filed by Plaintiff Tonia Jewell ("Plaintiff") [ECF No. 23] Magnolia Bank denies each and every allegation in the First Amended Complaint unless expressly admitted or otherwise qualified, as follows:

**JURISDICTION AND VENUE**

1. Paragraph 1 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Magnolia Bank specifically denies subject matter jurisdiction exists in this case as neither Plaintiff nor certain members of the class suffered any concrete harm as a result of the purported conduct of Magnolia Bank in this case. Further, Magnolia Bank states that 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq.* are federal statutes that speak for themselves, and otherwise denies the allegations in Paragraph 1.

2. Paragraph 2 alleges legal conclusions to which no response is required.

3. Paragraph 3 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Magnolia Bank states that 28 U.S.C. § 1391(b) is a federal statute that speak for itself, and otherwise denies the allegations in Paragraph 3.

## PARTIES

4. Magnolia Bank is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 regarding Plaintiff Tonia Jewell's residence and therefore denies the same.

5. Magnolia Bank states that Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Magnolia Bank admits that its headquarters is at 651 West Dixie Ave, Elizabethtown, KY 42701.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. Magnolia Bank is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 6 and therefore denies the same.

7. Magnolia Bank is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 7 and therefore denies the same.

8. Magnolia Bank admits that it is a provider of home mortgage refinancing services and otherwise denies the remaining allegations of Paragraph 8, including to the extent they mischaracterize, misstate, or offer a contrary understanding of Magnolia Bank's business operations.

9. Magnolia Bank denies the allegations of Paragraph 9.

10. Paragraph 10 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Magnolia Bank denies the allegations of Paragraph 10.

11. Magnolia Bank states that it lacks sufficient information or belief as to the factual

allegations contained therein, as such allegations are framed so as only to be within the knowledge of Plaintiff and are based on Plaintiff's experience and on such grounds deny each and every one of them.

12. Magnolia Bank denies the allegations of Paragraph 12.

13. Magnolia Bank states that it lacks sufficient information or belief as to the factual allegations contained therein, as such allegations are framed so as only to be within the knowledge of Plaintiff and are based on Plaintiff's experience and on such grounds deny each and every one of them.

14. Magnolia Bank states that it lacks sufficient information or belief as to the factual allegations contained therein, as such allegations are framed so as only to be within the knowledge of Plaintiff and are based on Plaintiff's experience and on such grounds deny each and every one of them.

15. Magnolia Bank is without knowledge and sufficient information to form a belief as to the truth of the allegations contained in this paragraph—although they seem extremely unlikely—and therefore on that basis denies the allegations in this paragraph.

16. Magnolia Bank denies the allegations of Paragraph 16.

17. Paragraph 17 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Magnolia Bank denies the allegations of Paragraph 17.

18. Paragraph 18 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Magnolia Bank denies the allegations of Paragraph 18.

19. Paragraph 19 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Magnolia Bank denies the allegations of Paragraph 19.

20. Paragraph 20 alleges legal conclusions to which no response is required. To the

extent a response is deemed necessary, Magnolia Bank denies the allegations of Paragraph 20.

21. Paragraph 21 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Magnolia Bank denies that it violated the TCPA in any respect, and therefore denies the allegations of Paragraph 21.

## CLASS ACTION ALLEGATIONS

22. Magnolia Bank states that the paragraph contains legal conclusions to which no response is required. Magnolia Bank admits that Plaintiff purports to represent the class as defined in Paragraph 23 of the First Amended Complaint, but denies that the class Plaintiff seeks to represent is properly certifiable or properly defined and denies that Plaintiff is an adequate class representative. To the extent paragraph 22 of the First Amended Complaint contains any factual allegations, Magnolia Bank denies each and every one of them.

23. Magnolia Bank states that the paragraph contains legal conclusions to which no response is required. Magnolia Bank admits that Plaintiff purports to represent the class as defined in Paragraph 23 of the First Amended Complaint, but denies that the class Plaintiff seeks to represent is properly certifiable or properly defined and denies that Plaintiff is an adequate class representative. To the extent paragraph 23 of the First Amended Complaint contains any factual allegations, Magnolia Bank otherwise denies the allegations of Paragraph 2

24. Paragraph 24 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Magnolia Bank denies the allegations of Paragraph 24.

25. Paragraph 25 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Magnolia Bank denies the allegations of Paragraph 25.

26. Paragraph 26 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Magnolia Bank denies the allegations of Paragraph 26.

27. Paragraph 27 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Magnolia Bank denies the allegations of Paragraph 27.

28. Magnolia Bank denies the allegations of Paragraph 28. In particular, identifying class members from Magnolia Bank's records will be extremely difficult if not impossible. Plaintiff and her counsel had no reasonable basis for alleging otherwise, especially since the allegations were not made on information and belief.

29. Paragraph 29 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Magnolia Bank denies the allegations of Paragraph 29. The truth is actually directly contrary to these allegations; there are virtually no common issues between class members. Notable, the "common issues" Plaintiff identifies are not common at all and fundamentally require individual trials.

30. Paragraph 30 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Magnolia Bank denies the allegations of Paragraph 30.

31. Paragraph 31 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Magnolia Bank denies the allegations of Paragraph 31.

32. Magnolia Bank is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 32 and therefore denies the same.

33. Paragraph 33 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Magnolia Bank denies the allegations of Paragraph 33.

34. Paragraph 34 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Magnolia Bank denies the allegations of Paragraph 34.

35. Paragraph 35 alleges legal conclusions to which no response is required. That said, individual TCPA cases are not complex and consumers who feel their rights have been impaired

are quick to file TCPA suits given the generous statutory damages permitted. Consumers that recover in TCPA class actions, by contrast, generally receive only pennies on the dollar for their claims. To the extent a response is deemed necessary, Magnolia Bank denies the allegations of Paragraph 35.

36. Paragraph 36 alleges legal conclusions to which no response is required. Again, TCPA cases are not complex when cases are pursued on an individual basis – consumers merely need to prove that they were called on their cellular telephone via regulated technology without consent. On an individual basis these showings are straight forward. Only in the class wide setting do these issues become extremely complex, burdensome and expensive—indeed unmanageable— or deal with owing to the high degree of factual differences existing between class members. To the extent a response is deemed necessary, Magnolia Bank denies the allegations of Paragraph 36.

37. Paragraph 37 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Magnolia Bank denies the allegations of Paragraph 37.

38. Paragraph 38 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Magnolia Bank denies the allegations of Paragraph 38.

**FIRST CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227,** *et seq.*

39. Magnolia Bank incorporates herein by reference its responses and denials to paragraphs 1 through 38, as if fully restated herein.

40. Paragraph 40 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Magnolia Bank states that 47 U.S.C. § 227 *et seq.* is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 40.

41. Paragraph 41 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Magnolia Bank states that 47 U.S.C. § 227 *et seq.* is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 41.

42. Paragraph 42 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Magnolia Bank denies the allegations of Paragraph 42.

43. Paragraph 43 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Magnolia Bank denies the allegations of Paragraph 43.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

44. Magnolia Bank incorporates herein by reference its responses and denials to paragraphs 1 through 43 as if fully restated herein.

45. Paragraph 45 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Magnolia Bank states that 47 U.S.C. § 227 *et seq.* is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 45.

46. Paragraph 46 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Magnolia Bank states that 47 U.S.C. § 227 *et seq.* is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 46.

47. Paragraph 47 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Magnolia Bank denies the allegations of Paragraph 47.

48. Paragraph 48 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Magnolia Bank denies the allegations of Paragraph 48.

## PRAYER FOR RELIEF

Answering the "WHEREFORE" paragraph, Magnolia Bank denies that it violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*, or committed any wrongdoing whatsoever, denies that this case meets the requirements for class certification, denies that Plaintiff or any members of the putative class are entitled to any relief, and further denies each and every allegation and request for relief contained in that paragraph. Magnolia Bank hereby gives notice that it may rely on other defenses if and when such defenses become known during the course of litigation, and hereby reserves the right to amend its answer to assert any other defenses as they become known or available.

## AFFIRMATIVE AND OTHER DEFENSES

Each of the defenses set forth herein is stated as a separate and distinct defense, in the alternative to, and without waiving, any of the other defenses which are herein or which may hereafter be pleaded. Magnolia Bank reserves the right to raise such additional affirmative and other defenses as may be established during discovery and by the evidence in this case. Magnolia Bank asserts the following specific defenses:

## FIRST DEFENSE

Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

This Court lacks personal jurisdiction as to the claims of absent class members who reside outside of Kentucky or whose claims have no connection whatsoever to Kentucky. *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1782 (2017).

**THIRD DEFENSE**

Magnolia Bank is informed and believes that any alleged injury or damage to Plaintiff or the members of the putative class she purports to represent, which Magnolia Bank denies, was a result of intentional, negligent, or otherwise wrongful acts of third parties, and any claims against Magnolia Bank should be reduced in proportion to the faults of those third parties. Plaintiff or the class member's claims are barred, in whole or in part, because the alleged injuries were caused by acts or omissions of Plaintiff/the putative class members and/or third parties and/or by events outside the control of any of the parties and/or a superseding intervening cause and not by Magnolia Bank.

**FOURTH DEFENSE**

Magnolia Bank did not violate the TCPA directly, and Plaintiff fails to allege a claim under any theory of vicarious liability.

**FIFTH DEFENSE**

Plaintiff lacks Article III standing to bring this action and to represent any purported class because she did not suffer an injury-in-fact as a result of Magnolia Bank's alleged conduct. Further, Magnolia Bank is informed and beliefs that the members of the putative class Plaintiff purports to represent lack Article III standing to assert claims against Magnolia Bank.

**SIXTH DEFENSE**

The imposition of statutory damages under the TCPA against Magnolia Bank would violate the due process provisions of the U.S. Constitution and/or the Constitution of Kentucky.

**SEVENTH DEFENSE**

Plaintiff and the putative class's claims are barred under the doctrines of laches and/or unclean hands.

**EIGHTH DEFENSE**

To the extent that Plaintiff's and the purported class members' claims relate to conduct beyond the applicable statute of limitations, such claims are barred.

**NINTH DEFENSE**

Plaintiff's and the purported class members' claims are barred to the extent they are not the "called party" within the meaning of the TCPA.

**TENTH DEFENSE**

Plaintiff's and the purported class members' claims are barred, or damages reduced, to the extent that any harm or injuries were the result of, in whole or in part, the negligent or intentional acts or omissions of third parties.

**ELEVENTH DEFENSE**

This action, in whole or in part, is not maintainable as a class action because the proposed classes do not satisfy the requirements for class certification under Federal Rule of Civil Procedure 23, including, but not limited to, the class definitions, ascertainability, numerosity, commonality, typicality, adequacy of representation, superiority, and manageability. The damages sought by Plaintiff on behalf of the purported class cannot be recovered without specific proof by each purported class member that he or she has been injured.

**TWELFTH DEFENSE**

Magnolia Bank is informed and believes that Plaintiff's claims and the claims of the putative class members are barred in whole or in part as a result of their failure to mitigate their alleged damages, if any, and any recovery should be reduced in proportion to their failure to mitigate such damages.

## THIRTEENTH DEFENSE

Magnolia Bank did not willfully or knowingly contact Plaintiff on the phone numbers at issue without prior express consent. To the extent that there was any violation of the TCPA, which Magnolia Bank denies, Magnolia Bank shall be liable for no more than a $500.00 penalty, as Magnolia Bank denies that it willfully and knowingly violated the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

## FOURTEENTH DEFENSE

To the extent there was any violation of the TCPA, which Magnolia Bank denies, Magnolia Bank shall be liable for no more than a $500.00 penalty, as Plaintiff has not sustained any actual monetary loss pursuant to 47 U.S.C. § 227(b)(3)(B).

## FIFTEENTH DEFENSE

Magnolia Bank's actions were proper and legal, and at all times it acted with good faith and without malice. Thus, to the extent there was any violation of the TCPA, which Magnolia Bank denies, such violation(s) were not knowing and willful.

## SIXTEENTH DEFENSE

To the extent there was any violation of the TCPA, which Magnolia Bank denies, Magnolia Bank's actions were not knowing and/or willful because any violation was unintentional and the result of a *bona fide* error despite the maintenance of procedures reasonably adapted to avoid such violations.

## SEVENTEENTH DEFENSE

Magnolia Bank is informed and believes that Plaintiff and the putative class members have not sustained any actual injury as a result of the alleged violations of the TCPA. Plaintiff and the putative class members must sustain an injury in fact for each individual call for which

Plaintiff and the putative class members claims a violation.

## EIGHTEENTH DEFENSE

By reason of Plaintiff's and the putative class members' inaction with respect to and/or ratification of the calls he alleges were made by Magnolia Bank, Plaintiff and the putative class members' are estopped from recovery herein and Plaintiff and the putative class members' claims against Magnolia Bank are barred by the doctrines of waiver and/or estoppel (including res judicata, collateral estoppel, and judicial estoppel).

## NINETEENTH DEFENSE

Magnolia Bank's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit precludes its liability to Plaintiff and the putative class she purports to represent.

## TWENTIETH DEFENSE

Application of the TCPA, as interpreted by the FCC, violates the First Amendment of the U.S. Constitution because such application relies upon content-based restrictions of protected speech. *See Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2227 (2015) ("Government regulation of speech is content-based if a law applies to particular speech because of the topic discussed or the idea or message expressed.").

## TWENTY-FIRST DEFENSE

The TCPA is unconstitutionally vague because the restrictions imposed by the TCPA do not give a person of ordinary intelligence adequate notice of the conduct that is prohibited. *See Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).

## TWENTY-SECOND DEFENSE

Any award of punitive or statutory damages against Defendant would be unconstitutional

as violative of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, and the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution.

### TWENTY-THIRD DEFENSE

The amount of damages prescribed by the TCPA statute are so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable allowing for the Court to reduce the damage award, if any. Thus, as applied in this case any award of damages should be reduced to comport with due process. *See Golan v. Veritas Entm't, LLC*, No. 4:14CV00069 ERW, 2017 U.S. Dist. LEXIS 144501, at *10 (E.D. Mo. Sept. 7, 2017) ("[t]he TCPA's statutory damages clause is constitutional, but a specific damages award may be unconstitutional if it is 'so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable.'" (quoting *Capitol Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir. 2012)).

### TWENTY-FOURTH DEFENSE

The allegations of the First Amended Complaint, and the purported cause of action alleged in the First Amended Complaint, are not pleaded with sufficient particularity, are uncertain, vague, ambiguous and unintelligible, and fail to meet the applicable pleading requirements.

### TWENTY-FIFTH DEFENSE

Plaintiff's and the putative class members' claims are barred, in whole or in part, because Plaintiffs' and the putative class members' requested relief is too speculative and/or remote and/or impossible to prove and/or allocate.

### TWENTY-SIXTH DEFENSE

Magnolia Bank acted in good faith in any and all interactions with Plaintiff and the putative class members and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any rights of Plaintiff and the putative class members or any duty,

if any, owed to Plaintiff and the putative class members.

## TWENTY-SEVENTH DEFENSE

Plaintiff's and the putative class members' claims fail or otherwise are barred, in whole or in part, or are limited because to the extent the subject telephone calls occurred, the calls were made with the prior express consent of Plaintiff or someone acting on Plaintiff's behalf and the purported class members as owners/subscribers or the regular users of the subject phone and/or other parties, persons, and entities acting on their respective behalves.

## TWENTY-EIGHTH DEFENSE

Magnolia Bank reserves the right to assert arbitration.

## TWENTY-NINTH DEFENSE

Aggregated statutory damages in TCPA class actions are so severe and oppressive as to be wholly disproportionate to the offense and in certain extreme circumstances, subject to constitutional due process limitations. Thus, as applied in this case, any aggregated damages award must be evaluated under the *Six Mexican Workers* test. *See Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1123 (9th Cir. 2022) ("*Six Mexican Workers* provides further guidance for determining whether a particular statutory damages award is disproportionately punitive in the aggregate" … The test requires a Court to consider: "1) the amount of award to each plaintiff, 2) the total award, 3) the nature and persistence of the violations, 4) the extent of the defendant's culpability, 5) damage awards in similar cases, 6) the substantive or technical nature of the violations, and 7) the circumstances of each case.").

## THIRTIETH DEFENSE

Magnolia Bank is without sufficient knowledge or information to form a belief as to whether it may have additional, but yet unstated, affirmative defenses available to it, and

accordingly, Magnolia Bank reserves the right to assert additional defenses in the event discovery indicates that the same would be appropriate.

## THIRTY-FIRST DEFENSE

To the extent any calls were made by Magnolia Bank, which Magnolia Bank denies, such calls were not made using an automatic telephone dialing system in violation of the TCPA.

## PRAYER FOR RELIEF

WHEREFORE, Magnolia Bank prays for relief and judgment, as follows:

A. That the First Amended Complaint be dismissed with prejudice as to Magnolia Bank;

B. That judgment be rendered in in favor of Magnolia Bank with and against Plaintiff respect to all Counts in the First Amended Complaint;

C. That Plaintiff take nothing by reason of the First Amended Complaint;

D. That Magnolia Bank be awarded its cost of the suit and reasonable attorneys' fees incurred in defense of this action to the fullest extent allowed by law; and,

E. For such other relief the Court deems just and proper.

## JURY TRIAL DEMANDED

Magnolia Bank hereby demands a trial by jury.

    Respectfully submitted,

    */s/Jason P. Renzelmann*
    Jason P. Renzelmann
    FROST BROWN TODD LLP
    400 West Market St., 32nd Floor
    Louisville, KY 40202
    (502) 589-5400
    jrenzelmann@fbtlaw.com

        Eric Troutman *(admitted pro hac vice)*
        Brittany Andres *(admitted pro hac vice)*
        TROUTMAN FIRM
        530 Technology Dr., Ste. 200
        Irvine, CA 92618
        (949) 350-5612
        troutman@traoutmanfirm.com
        brittany@troutmanfirm.com

        *Counsel for Defendant Magnolia Bank, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 1, 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

        */s/Jason P. Renzelmann*
        *Counsel for Defendant Magnolia Bank, Inc.*

0000ASJ.0769153   4857-2066-9858